IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:02-CR-237 |
| | : | Civ. No. 1:16-CV-1242 |
| v. | : | |
| | : | |
| **TOBIAS A. CUNNINGHAM** | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is Defendant Tobias Cunningham's ("Defendant") motion to correct sentence under 28 U.S.C. § 2255 and related supplemental motion. (Docs. 146, 160). For the reasons set forth below, the motions will be denied.

**I.     BACKGROUND**

On September 25, 2002, a federal grand jury indicted Defendant on the following charges relating to a robbery that occurred at the Allfirst Bank in York, Pennsylvania on July 11, 2002: (1) Criminal Conspiracy in violation of 18 U.S.C. § 371, ("Count 1"); (2) Armed Bank Robbery by Force, Violence, and Intimidation in violation of 18 U.S.C. § 2113(d) ("Count 2"); (3) Bank Robbery by Force, Violence, and Intimidation in violation of 18 U.S.C. § 2113(a) ("Count 3"); and (4) Carrying and Using a Firearm in Relation to, and in Furtherance of, a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 4"). (Doc. 1). Defendant proceeded to trial on February 24, 2003, and a jury found him guilty of all counts on February 26, 2003. (Doc. 63).

1

The Court subsequently sentenced Defendant to a 270-month term of imprisonment, which comprised of the following: 60 months with respect to Count 1 and 210 months with respect to Counts 2 and 3, to run concurrently; and 60 months with respect to Count 4, to run consecutively to Counts 1, 2, and 3. (Doc. 86). Defendant filed a direct appeal, and the United States Court of Appeals for the Third Circuit affirmed the judgment on September 30, 2004. (Doc. 114). Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), however, the Third Circuit vacated Defendant's sentence and remanded the matter for re-sentencing. (Doc. 119). On July 13, 2005, the Court re-sentenced Defendant to an identical term of 270 months' imprisonment which the Third Circuit affirmed on direct appeal. (Docs. 128, 135).

On June 22, 2016, Defendant filed a counseled motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 based on the Supreme Court's ruling in *Johnson v. United States,* 576 U.S. 591. (Doc. 146). The Court held the motion in abeyance pending certification from the Third Circuit for Defendant to file a second or successive motion under 28 U.S.C. § 2255(h). (Doc. 149). On August 27, 2019, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Third Circuit authorized Defendant's second or successive Section 2255 motion. (Doc. 154). Defendant then filed a counseled supplemental motion to vacate under Section 2255 on April 17, 2020. (Docs. 158, 159, 160).

On September 1, 2020, the Government filed a brief in opposition to Defendant's Section 2255 motion. (Doc. 168). Defendant then filed a reply on September 2, 2020, and a supplemental notice of authority on October 28, 2020. (Docs. 170, 175). Having been fully briefed, Defendant's motion is now ripe for review.

## II.   JURISDICTION

As Defendant brings his motion under 28 U.S.C. § 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court also has jurisdiction pursuant to 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

## III.   STANDARD OF REVIEW

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on

any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b). Generally, the petitioner carries the burden of proof in Section 2255 proceedings. *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

### IV. **DISCUSSION**

In his Section 2255 petition and supplemental motion, Defendant seeks to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. § 924(c). (Docs. 146, 160). Under Section 924(c)(1)(A), enhanced

punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the per son or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

Defendant argues that his conviction as to Count 4 cannot rest on the residual clause of Section 924(c)(3)(B). (Doc. 146). Defendant relies on *Johnson v. United States* in support of his position, which examined the definition of "violent felony" under the Armed Career Criminal Act (ACCA) and found its residual clause to be unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). Defendant also argues that, in the absence of binding precedent to the contrary, bank robbery and armed bank robbery do not qualify as crimes of violence under the elements clause of Section 924(c)(3)(A). (Doc. 146, at 7-13). As the ACCA's residual clause is substantially similar to that under 18 U.S.C. § 924(c)(3)(B), and the elements clause does not

5

otherwise apply, Defendant asserts that his conviction and consecutive sentence as to Count 4 should be vacated. (Doc. 146, at 4-5).

On June 24, 2019, the Supreme Court extended its holding in *Johnson* to the residual clause of Section 924(c)(3)(B). *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Relying on *Davis*, Defendant argues in his supplemental motion that the residual clause is unconstitutionally vague and cannot support his Section 924(c) conviction. (Doc. 160, at 13-14). Defendant also concedes that bank robbery now constitutes a crime of violence under the elements clause enumerated at Section 924(c)(3)(A)[1] (*Id.* at 11; Doc. 170, at 6 n.1). However, pursuant to the categorical approach,[2] Defendant submits that his Section 924(c) conviction still does not rest

---

[1] During the pendency of Defendant's Section 2255 motion, the Third Circuit determined that armed bank robbery under 18 U.S.C. § 2331(a) and (d) constitutes a "crime of violence" under Section 924(c)'s elements clause. *See United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 84-85 (3d Cir. 2018)). Further, while *Johnson* and *Davis* invalidated the residual clauses of the ACCA and Section 924(c), their holdings did not disturb Section 924(c)(3)(A). *See United States v. Kennedy*, No. CV 19-1591, 2019 WL 4316867, at *1 (3d Cir. Sept. 9, 2019) (noting that Section 924(c)'s elements clause "survives *Davis*."). Accordingly, at issue in Defendant's Section 2255 motion is whether his convictions on Counts 1, 2, or 3 support his Section 924(c) conviction under the elements clause.

[2] Defendant maintains that, following *Davis*, courts use the categorical approach to determine whether an offense constitutes a crime of violence under the elements clause of Section 924(c). (Doc. 16, at 14-16). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§ 924(c)] definition of 'crime of violence.'" *United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction." *United States v. Lewis*, 720 F. App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing *Wilson*, 880 F.3d at 84).

6

on a crime of violence under the elements clause. (Doc. 160, at 16-25).[3]

According to Defendant, his qualifying offense under Section 924(c) cannot be identified because the jury returned a general verdict and was charged with attempt and aiding and abetting robbery with respect to Count 4. (*Id.* at 16). Given this purported ambiguity, Defendant asserts that, upon employing the categorical approach, the Court should assume his Section 924(c) conviction hinged on the least culpable act; either attempted bank robbery or aiding and abetting bank robbery. (*Id.* at 16-17). Defendant then argues that, since aiding and abetting bank robbery and attempt to commit robbery do not categorically qualify as crimes of violence under the elements clause of Section 924(c), his conviction as to Count 4 must be vacated. (*Id.* at 18-25).

---

[3] At the outset of its reply brief, the Government argues that Defendant procedurally defaulted his claims when he failed to raise a constitutional vagueness challenge to Section 924(c)(3)(B) at trial or on direct appeal. (Doc. 168, at 8-12). A claim is procedurally defaulted, and cannot be considered on collateral review, when a defendant fails to first present it on direct review. *See United States v. Bousley*, 523 U.S. 614, 622 (1998). However, a defendant's procedural default may be excused if he demonstrates cause for the default and prejudice arising therefrom. *See United States v. Doe*, 810 F.3d 132, 153 (3d Cir. 2015). Notably, cause may exist "where a constitutional claim is so novel that its legal basis is not reasonably available. . . ." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

As noted by Defendant, several courts have considered and rejected similar arguments to those advanced by the Government. *See e.g., United States v. Mathis*, No. CR 9-339, 2017 WL 3782988, at *4 (W.D. Pa. Aug. 31, 2017) (noting that courts have "consistently ruled that cause and prejudice excuse . . . procedural default in the *Johnson* context."); *United States v. Mitchell*, 218 F. Supp. 3d 360, 367-68 (M.D. Pa. 2016) (finding that cause and prejudice existed to overcome an ACCA petitioner's procedurally defaulted *Johnson* claim); *United States v. Harris*, 205 F. Supp. 3d 651, 658 (M.D. Pa. 2016) (excusing ACCA petitioner's procedurally defaulted *Johnson* claim when a vagueness challenge was not reasonably available to him at the time of his sentencing in 2006). Accordingly, the Court will evaluate the merits of Defendant's Section 2255 motion insofar as it relies on *Johnson* and its progeny.

In response, the Government argues that the language of the Indictment clearly demonstrates that the crime of bank robbery predicates Defendant's Section 924(c) charge. (Doc. 168, at 13-14). The Government further contends that Counts 1, 2, and 3 qualify as predicate offenses under the elements clause, as they each have an element the use, attempted use, or threatened use of physical force against the person or property of another. (*Id.* at 14). The Government also points to the jury instruction on Count 4, which provides:

> The defendant is charged in the indictment with carrying or using a firearm during and in relation to a crime of violence in violation of Section 924(c) of Title 18 of the United States Code. In order for a defendant to be found guilty of these charges the government must prove each of the following elements beyond a reasonable doubt: (1) That the defendant committed the crime of bank robbery or bank robbery by use of a dangerous weapon or device. (2) That the defendant knowingly used or carried a firearm during and in relation to the commission of a crime of violence. You need not find that the firearm was actually fired or even brandished, rather it is enough if the firearm was present to facilitate the crime of violence whether or not it was actually used. You may find that a defendant used a firearm during and in relation to a bank robbery crime if you find that the circumstances surrounding the use of the firearm indicate that it was done in furtherance of the bank robbery.

(Doc. 168, at 16-17) (citing Appendix, at 593-94).

Finally, the Government maintains that attempted, aiding and abetting, and bank robbery still constitute crimes of violence notwithstanding the Supreme Court's decision in *Davis*. (*Id.* at 11).

8

Upon review of the parties' submissions, the Court agrees with the Government. With respect to Count 4, both the language of the indictment and the jury instruction show that bank robbery in violation of 18 U.S.C. § 2113(a) or armed bank robbery in violation of 18 U.S.C. § 2113(d) support Defendant's Section 924(c) conviction. As the Third Circuit has unequivocally held, either offense constitutes a predicate crime of violence under the elements clause of Section 924(c). *See United States v. Johnson*, 899 F.3d 191, 203-04 (3d Cir. 2018); *see also United States v. Elmore*, No. 1:11-CR-361, 2019 WL 1437883, at *3 (M.D. Pa. Apr. 1, 2019) (declining to vacate defendant's Section 924(c) conviction when, "in the Third Circuit, bank robbery in its least culpable form (Section 2113(a)) and armed bank robbery (Section 2113(d)) are both crimes of violence under the elements clause of Section 924(c)(3)."). Further, Defendant's claim that his underlying Section 924(c) offense is ambiguous belies the argument that he raised in his 2016 Section 2255 motion; specifically, that bank robbery and armed bank robbery do not categorically constitute crimes of violence under 924(c)'s elements clause. (Doc. 146, at 7-17).

Assuming *arguendo* that Defendant's 924(c) conviction rested on aiding and abetting or attempted bank robbery, however, his position is similarly unavailing. Although the Third Circuit has not specifically ruled on the matter, several courts have held that these offenses constitute crimes of violence in accordance with

9

Section 924(c)(3)(A). *See e.g., Herrera-Genao v. United States*, No. CV 16-3786 (AET), 2020 WL 2520281, at *4 (D.N.J. May 18, 2020) (holding that attempted bank robbery is a predicate Section 924(c) offense under the elements clause) (citing *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) ("[W]hen a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence.")); *Dupree v. United States*, No. 1:08-CR-00170, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020) ("Even if the Court assumes, as Petitioner urges it to do, that the relevant 924(c) predicate offense is aiding and abetting armed bank robbery, the Court is unpersuaded by Petitioner's argument that aiding and abetting armed bank robbery is not a crime of violence for purposes of Section 924(c)."); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (non-precedential) ("It does not matter whether [Defendant] was convicted as a principal or as an aider or abettor to Hobbs Act robbery[4] because,

---

[4] As noted in the Defendant's reply brief, he was neither charged with nor convicted of Hobbs Act robbery. (Doc. 170, at 3). Therefore, the Court is unpersuaded by Defendant's reliance on *United States v. Taylor*, (Doc. 175), which pertained to the unrelated predicate offense of *attempted* Hobbs Act robbery. --- F.3d ---, No. 19-7616, 2020 WL 6053317, at *1 (4th Cir. Oct. 14, 2020) (holding that attempted Hobbs Act robbery did not categorically qualify as a crime of violence under Section 924(c)'s elements clause). Further, the *Taylor* court reasoned that when a "substantive crime of violence invariably involves the use of force, the corresponding attempt to commit that crime [is a crime of violence under Section 924(c)(3)(A) because it] necessarily involves the attempted use of force." *Id.* *4. (4th Cir. Oct. 14, 2020). Ultimately, this is not inconsistent with the Court's conclusion regarding attempted robbery here.
    However, the Court finds that cases such as *McKelvey*, which interpret aiding and abetting liability in the context of Hobbs Act robbery, are persuasive in the context of aiding and abetting robbery. *See Dupree*, 2020 WL 1984317, at *6 (citing *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016)). Both Defendant and the Government acknowledge that whether aiding and abetting Hobbs

10

under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal."). Accordingly, without Third Circuit guidance to the contrary, the Court finds that the predicate crimes of attempted robbery and aiding and abetting bank robbery would be sufficient to sustain Defendant's Section 924(c) conviction under the elements clause.

In sum, as Section 2113(a) bank robbery and Section 2113(d) armed bank robbery are crimes of violence under Section 924(c)(3)(A), Counts 2 and 3 qualify as predicate convictions under Section 924(c). Accordingly, notwithstanding the Supreme Court's decision in *Johnson* and *Davis*, Defendant's conviction and consecutive mandatory minimum sentence under Section 924(c) are proper. For these reasons, the Court will deny Defendant's Section 2255 motion.

## V.   CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's motion to vacate under 28 U.S.C. § 2255 and related supplemental motion. (Docs. 146, 160). The Court will also decline to issue a certificate of appealability, as Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2).

---

Act robbery is a crime of violence under Section 924(c)(3)(A) is an issue that currently remains pending before the Third Circuit. (Doc. 160, at 20 n. 8; Doc. 168, at 12).

An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: November 5, 2020